### CLAP *v.* DAY.

If a promissory note be made to the agent or treasurer of a private association by his name, with the addition of his agency or office, he may have an action in his own name on the note, the addition of his character being but *descriptio personæ*.

In this action, which was *assumpsit*, the writ contained two counts ;—one upon a note of hand made by the defendant, payable to the plaintiff " as treasurer of the proprietors of the new " meeting-house in *Nobleborough*, or his successor in said of- " fice ;"—and the other upon a note of the same date and amount, payable by the defendant to the plaintiff in his private capacity.

The defendant protesting that the plaintiff at the time of suing out the writ was not the treasurer of the proprietors, but had been succeeded in that office by one J. G. pleaded in bar that the notes mentioned in the two counts were one and the same,— that the proprietors were a voluntary association for the purpose of building the meeting-house,—that the plaintiff and the defendant, and divers other persons were members of the association,—that the note declared on was an accommodation-

note, made for the purpose of ascertaining who were creditors and debtors among said proprietors in building the house ;— and that the note and all other credits among the proprietors is the common and joint property of the whole association, they all being in law but one person.

The plaintiff replied that before action brought, for a good and valuable consideration, he sold and transferred the note to one *S. C.* in whom the equitable interest became vested and now is, and for whose use and benefit this action is brought, and that he received the full payment of *S. C.* therefor, as treasurer and trustee of the proprietors.

Whereupon the defendant demurred in law.

*Allen* and *Bellard,* in support of the demurrer. The pleadings disclose the fact that the defendant and other persons are equally interested with the plaintiff in the note in suit; and it is a well settled principle that all who have the legal interest must join in the action. It does not appear that the plaintiff is treasurer of the association by any legal appointment, or has been constituted to sue for their use, or is entitled to sell and dispose of securities belonging to the company. If he should die, the note would not be assets in the hands of his executors, but must go to the associates who alone are interested in the money, and who ought, therefore, to have joined in the suit. In that way also the defendant might avail himself by way of set-off, of his demands against the association, which, if this action can be sustained, will be defeated. 1 *Chitty Pl.* 5, 8. *Pigot v. Thompson,* 3 *Bos. & Pul.* 147. *Gilmore v. Pope,* 5 *Mass.* 491. *Niven v. Spikerman,* 12 *Johns.* 401.

But if the plaintiff might sue, yet as between him and the defendant the note is void, being without consideration. Nothing passed from the plaintiff, and no benefit accrued to the defendant. Nor would a judgment in this case be any bar to a future action in the name of all the company. *Fowler v. Shearer,* 7 *Mass.* 14. *Pearson v. Pearson,* 7 *Johns.* 28.

*Orr,* for the plaintiff. The amount of the plea is that the note was an accommodation-note, and is the joint property of all the company. But this contradicts the note on the face of it, and therefore it cannot be received in evidence.

Clap *v.* Day.

There being no corporation, the description of the plaintiff's capacity is naught, and may be rejected. It is but *descriptio personæ.*

Here also a consideration appears. Each individual had received his proportion of the common benefit, for which he was indebted to the common fund; and this debt is the sum he has agreed to pay.

Mellen C. J. after stating the case, delivered the opinion of the Court as follows.

The first question is, whether the declaration be good. It is contended that the plaintiff has no *legal* interest, and that therefore *he* cannot maintain this action. The association is said to be voluntary, and without any legal incorporation. The cases of *Gilmore v. Pope* and *Niven v. Spikerman* were those of incorporated companies, and were decided on the ground that agents of such companies could not sue in their own names, there being no consideration as between such agents and the persons contracting with the corporation. In *Pigot v. Thompson* the promise was to " the treasurer of the commissioners," but not by his name. The case of *Buffum v. Chadwick, 8 Mass.* 108. is directly in point for the plaintiff. The action was founded on a note signed by the defendant, whereby, for value received of the *Providence* hat-manufacturing company, he promised *Buffum* as the agent thereof, to pay him, &c. On a motion in arrest of judgment the case of *Gilmore v. Pope* was cited by the defendant's counsel ; but the Court overruled the motion, and considered the two cases as different ;—observing that in the case then at bar the contract was with the *agent personally*, and his adding his character to his name in the writ amounted only to a description of his person. We are of opinion that the objection to the declaration is not maintained.

In support of the plea it is urged that the note declared on is an " accommodation-note ;" but it does not follow from that circumstance that it is without consideration. It is also alleged that it was given for the purpose of ascertaining who were creditors and who were debtors among the proprietors in building the house, but it is not stated that the defendant was a creditor and not a debtor ;—of course this does not shew a want of

consideration. If the allegation in the plea be intended as an averment that the note was *conditional* in its origin, then it is inadmissible as contradicting the note, which on the face of it is absolute. The averment also that the note is the common and joint property of the whole association contradicts the promise in writing, because the defendant is alleged to be one of the proprietors, and he cannot make a promise to himself. The language of the plea is by no means definite as to the meaning intended to be conveyed ;—it neither admits nor traverses the promise declared on, nor discloses any facts shewing the contract of the defendant to be different from that alleged in the writ. For this reason it is unnecessary to examine the replication ; as the plea itself is bad, the plaintiff is entitled to judgment.